BENVENUTTI, PLAINTIFF AND APPELLANT, *v.* VÁZQUEZ ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Mayagüez in an Action for Nullity, Etc.

No. 1908.—Decided February 26, 1920.

MORTGAGE—FORECLOSURE—JURISDICTION.—If the town in which the mortgaged property is situated is transferred to another judicial district, the court of that district has jurisdiction of foreclosure proceedings against the property, in accordance with subdivision 3 of article 170 of the Regulations for the Execution of the Mortgage Law.

ID.—ID.—THIRD PERSON—RECORD OF TITLE—NULLITY OF TITLE—JUNIOR INSTALMENTS.—Although the cancelation of the instalments of a mortgage junior to the instalment foreclosed on is null and void because the proceeds of the sale were not prorated among all the unpaid instalments and the proportional part corresponding to said junior instalments had not been deposited, that nullity can not affect a person who purchased after the said cancelation was made when the registry does not show that the proportional part corresponding to the canceled instalments was not deposited or paid. In order that the nullity of the title may prejudice a third person who has recorded his right, the cause of the nullity must appear clearly from the registry.

The facts are stated in the opinion.

*Mr. J. Tous Soto* for the appellant.

*Messrs. Benet & Souffront* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

On January 15, 1896, Pablo Coronado mortgaged three properties to Tomás Benvenutti to secure the payment of six thousand *pesos* of the currency of that time, payable in six yearly instalments. These properties were later recorded in the registry of property by Coronado as one property of 29 acres and thereupon Benvenutti caused his mortgage to be recorded against the consolidated property.

The mortgagor paid the first two instalments and the mortgagee assigned half of the third instalment corresponding to the year 1898, amounting to three hundred dollars, to Luis Campillo. Campillo assigned it to Fernando Vázquez, who in 1902 instituted foreclosure proceedings for its collection in the District Court of Mayagüez within whose jurisdiction was the town of Las Marías where the property was situated. Benvenutti, the owner of the other instalments, was served with a copy of the summons demanding payment from the mortgagor and the sale of the property was twice advertised, but no bidders appeared. In June of 1904 Vázquez moved that the sale be advertised for a third time, but the proceedings were then interrupted.

In July of 1904 the town of Las Marías became a part of the judicial district of Aguadilla and on January 25, 1905, the record of the case being in the district court of that district, Vázquez again moved for the sale of the property. The clerk of that court issued a writ to the marshal for the sale, stating therein that it had been so ordered. At the sale the property was bid in by the creditor for his claim and the costs, amounting in all to $581.10. By virtue of an Act of March 9, 1905, the town of Las Marías was again incorporated into the judicial district of Mayagüez and on April 23, 1906, Vázquez petitioned that district court to order the cancelation of the last three instalments of the mortgage. The petition was served on Tomás Benvenutti and on May 7, 1906, after due consideration, the court refused to rule on it and reserved its decision pending proof by means of the corresponding document that the mortgaged property had been actually sold. A few days thereafter Vázquez exhibited in the said court the deed of sale executed in his favor by the marshal of the district of Aguadilla on May 23, 1906, wherein it was stated that the property had been sold to Vázquez on March 9, 1905, and that twelve months had elapsed without its having been redeemed. At the same time Vázquez renewed his former petition. The court ruled on

the petition on May 31, 1906, by ordering the cancelation of the said instalments and of the subsequent liens for the reason that the proceeds of the sale of the property did not exceed the amount of the debt claimed. The clerk having issued an order directed to the registrar for such cancelations, accompanied by a certificate to the effect that the order was final, the several cancelations were made in the registry on July 20, 1906. On December 29 of the same year Felipe Nery Quiñones purchased the said property from Vázquez. His title was recorded in the registry on January 14, 1907, and in 1912 he paid to Tomás Benvenutti the other half of the instalment of 1898 which had not been canceled.

On August 27, 1915, Tomás Benvenutti assigned the last three instalments to Juan Benvenutti, who in November of 1916 brought an action in the District Court of Mayagüez against Vázquez and Nery Quiñones praying that the sale of the property and the order for the cancelation of the said instalments be set aside. Judgment was entered against the plaintiff who took the present appeal in order to secure its reversal.

The appellant alleges that the District Court of Aguadilla had no jurisdiction to order the third sale of the property because as the suit had been brought in Mayagüez it should have remained there, and because there is no order transferring the case to Aguadilla.

Although the proceedings were commenced in Mayagüez, due to the fact that the town of Las Marías where the consolidated property is situated belonged to that judicial district, when that town was later transferred to the judicial district of Aguadilla the district court thereof became vested with jurisdiction of the case, because, granting that the act reorganizing the judiciary made no provision to that effect, subdivision 3 of article 170 of the Regulations for the Execution of the Mortgage Law prescribes that in cases of this kind the court of the place where the mortgaged property is situated shall have jurisdiction, submission to the juris-

diction of any other court not being admissible; hence the Court of Mayagüez could transfer the case *motu proprio.* The order for its transfer does not appear in the record, but this of itself does not show that there was no such order, taking into account the facts that it was transfered and that since July, 1904, when the Code of Civil Procedure went into effect, orders and rulings were entered in the minutes of the court, but generally were not included in the record, which fact gave occasion to the Legislature in 1906 to enact that the clerk should include in the record certified copies of the rulings that were entered in the minute-book.

The appellant also alleges that the sale was null and void because the three mortgaged properties were sold together.

As the three properties mortgaged by the debtor were recorded in the registry of property as one property and this fact was known to Tomás Benvenutti, who caused his mortgage to be recorded against the consolidated property, we see no ground for this contention because the marshal sold the property as it appeared recorded in the registry, for it was according to the registry that he had to execute the deed of sale. Besides, it has not been alleged or shown that the appellant was prejudiced because the sale was made in that manner.

The appellant complains that the sale was made without an upset price. It was proper to do so under the Code of Civil Procedure in force when the sale was made and the fact that half of one instalment was being foreclosed could not change that rule.

The appellant also alleges that the sale was void because he was not given notice of it. This was not necessary, because he had knowledge that Vázquez had instituted foreclosure proceedings for the collection of his credit, inasmuch as he had been served with the summons demanding payment from the debtor and knew that if the claim of Vázquez was not paid within thirty days the mortgaged properties would be sold at public auction.

In the record of the foreclosure proceedings the returns made by the marshal regarding the advertisement of the sale are not included, perhaps because at that time all the proceedings were not included in one single record, but as the marshal stated in the certificate of the sale that the sale was advertised by publication in the newspaper *La Bandera Americana* and the registrar also stated upon recording the sale in favor of Vázquez that the notices of sale were duly published, we must suppose that in fact they were so published; therefore the contention of the appellant that the sale was void on that account is untenable.

The second ground of the appeal refers to the cancelation of the last three instalments belonging to Benvenutti.

As the proceeds of the sale were not sufficient to cover the instalments, the court ordered their cancelation under the authority of a decision of the *Dirección General de Gracia y Justicia del Ministerio de Ultramar* of January 10, 1889, holding in a case like the one at bar that the cancelation was proper; but thereafter when that question came before this court in the cases of *American Trading Company* v. *Monserrat,* 19 P. R. R. 929, and *American Trading Company* v. *Quevedo,* 19 P. R. R. 947, we held that in such cases the proceeds of the sale should be prorated among the instalment foreclosed and the posterior instalments of the same mortgage, or that the proportional part corresponding to the latter should be deposited in order that they may be canceled.

As the instalments posterior to the one foreclosed were already canceled in the registry of property when appellee Nery Quiñones purchased the property in December, 1906, the question arises whether the invalidity of the order of cancelation would affect the said purchaser.

According to article 33 of the Mortgage Law, instruments or contracts which are null under the law are not validated by their admission to record; but article 34 provides that, notwithstanding the provisions of the foregoing article, in-

struments or contracts executed or entered into by a person who, according to the registry, has a right to do so, shall not be invalidated with regard to third persons after they have been recorded, even though the interest of such party should subsequently be annulled or terminated by virtue of a prior deed which was not recorded or for reasons which do not clearly appear from said registry.

As a consequence of these statutes the question which we must now consider is whether Nery Quiñones has the character of a third person who can not be prejudiced by the erroneous cancelation of the instalments posterior to the one foreclosed by Vázquez because it did not appear clearly from the registry that the order of cancelation was null and void.

When Nery Quiñones purchased the property it appeared from the registry that the cancelation had been ordered because the proceeds of the sale were not sufficient to cover the posterior instalments of the same mortgage. It does not appear therefrom that the proceeds of the sale were prorated among the posterior pending instalments, or that the proportional part corresponding to them had been deposited, but inasmuch as when either of these two things is done the cancelation may be made if the proceeds of the sale are not sufficient to cover the amount of the posterior instalments, the purchaser had a right to assume that the law had been complied with and that when the court ordered the cancelation the proceeds had been prorated or the proportional part corresponding to the said instalments had been deposited; and as it does not appear from the registry that the proportional part corresponding to the canceled instalments was not paid or deposited, we cannot hold that the nullity of the said order appeared clearly from the registry so as to deprive the purchaser of his character of a third person and affect his rights as such.

Nor does it appear from the registry that Benvenutti was not heard before the cancelation of his posterior instalments

was ordered, and if he was in fact not heard, this can not prejudice purchaser Nery Quiñones.

For the foregoing reasons the judgment below must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.